**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEVIN SLOAN | : | CIVIL ACTION COMPLAINT |
| 448 3rd Street | : | |
| Northumberland, PA 17847 | : | |
| | : | No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONAGRA GROCERY PRODUCTS | : | |
| COMPANY, LLC | : | |
| 30 Marr Street | : | |
| Milton, PA 17847 | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Devin Sloan (hereinafter "Plaintiff"), by and through her undersigned counsel, and avers as follows:

### I.     Introduction

1.     Plaintiff initiates this action to seek redress against ConAgra Grocery Products, LLC (hereinafter "Defendant"), her former employer, for unlawful disability discrimination and retaliation, in violation of the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, and other applicable law.

### II.     The Parties

2.     Plaintiff is an adult individual currently residing at the above address.

3.     Defendant is a limited liability company, created and existing pursuant to the laws of the State of Delaware, with a place of business at the above address.

4.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted, at all times relevant, within the scope of his or her job duties.

5.     Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990 because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6.     Defendant is an "employer" within the meaning of the FMLA because it is engaged in an industry affecting commerce and because it maintains or maintained fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III.     Jurisdiction and Venue

7.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8.     The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9.     The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10.     Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the

claims set forth herein occurred in this judicial district (Plaintiff was employed in the Middle District of Pennsylvania at the time of the unlawful actions set forth herein).

### IV.     Procedural and Administrative Remedies

11.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Americans with Disabilities Act as follows:

    a.   On or about February 22, 2010, Plaintiff filed a timely written charge of discrimination (No. 530-2010-01282) against Defendant with the Equal Employment Opportunity Commission alleging disability discrimination and retaliation;

    b.   On or about October 13, 2010, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff;

    c.   The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

    d.   Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission and will amend the instant Complaint to add a claim under the Pennsylvania Human Relations Act after the PHRC's one-year investigatory period has elapsed.

13.     Plaintiff has exhausted her federal administrative remedies as to the allegations of this Complaint.

### V.     Factual Background

14.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15.     Plaintiff began working for Defendant on or about June 13th, 2005 as a laborer.

16.     Plaintiff missed work on April 21st through April 24th of 2009 because of a migraine.

17.     Plaintiff treated for the aforesaid condition at Geisinger Medical Center on April 21st, 2009.

18.     Plaintiff was improperly denied FMLA leave on the aforesaid days because she was allegedly not eligible as a result of having not worked enough hours when in fact she had worked enough hours to be eligible for same.

19.     Defendant maintains an attendance policy whereby specific numbers of attendance "points" are assigned to employees who miss time from work and discipline (including termination) is imposed on employees who exceed specific numbers of "points" in a given time.

20.     Defendant assigned Plaintiff one and a half "points" for April 21st, 2009 and April 22nd, 2009 and four "points" for April 23rd, 2009 and April 24th, 2009.

21.     The foregoing points were assigned because Plaintiff was allegedly off work for personal business.

22.     Plaintiff provided documentation (including a doctor's note) to Defendant confirming that she was in fact sick.

23.     Defendant stated that Plaintiff's medical excuses were "inadequate".

24.     Defendant improperly terminated Plaintiff's employment on or about May 18th, 2009 as a result of her use of FMLA leave time as aforesaid.

25.     Shelly Barker, Defendant's HR representative, stated during Plaintiff's unemployment hearing that if Defendant had been informed of Plaintiff's migraines Defendant would not have fired Plaintiff.

26.     Defendant was in fact so informed and terminated Plaintiff's employment nonetheless in violation of the FMLA and other applicable law.

## Count I
## Americans with Disabilities Act

27.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a physical impairment (migraine disorder) that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

29.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because she was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

30.     The foregoing conduct by Defendant constituted unlawful discrimination against Plaintiff on the basis of her disability or perceived disability.

31.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

     **WHEREFORE**, Plaintiff seeks that damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## Count II
## Family and Medical Leave Act

32.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33.     Plaintiff is an "eligible employee" within the meaning of the FMLA because she was:

    a.   employed by Defendant for a period of at least twelve (12) months; and

    b.   worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of his FMLA leave.

34.    Plaintiff was entitled for FMLA leave to receive treatment her migraines, denied same, and terminated as a result of taking such leave.

35.    The foregoing conduct by Defendant constitutes a violation of the FMLA, in that Defendant failed to provide Plaintiff with her entitled leave under the FMLA.

36.    As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

    a.   Defendant is to be permanently enjoined from discriminating against or harassing Plaintiff on any basis prohibited under applicable federal law;

    b.   Defendant is to be permanently enjoined from retaliating against Plaintiff for exercising her right under federal and/or state law;

    c.   Defendant is to be permanently enjoined from discriminating against or harassing Plaintiff, or any other employee, on the basis of her disability (or perceived disability) or any other basis prohibited under federal or state law;

    d.   Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees who complain

about disability discrimination and harassment or take protected FMLA leave, and is to be ordered to promulgate an effective policy against such retaliation and to adhere thereto;

e.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.   Plaintiff should be accorded those benefits illegally withheld from the date she first suffered  discrimination and/or harassment at the hands of Defendant until the date of verdict;

f.      Plaintiff is to be awarded actual damages caused to her by Defendant's actions;

g.      Plaintiff is to be awarded liquidated and./or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

h.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

l.      That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN ELY, P.C.

By:     /s/ Wayne A. Ely, Esquire_____
        Wayne A. Ely, Esquire
        Attorney for Plaintiff
        414 Hulmeville Avenue
        Penndel, PA  19047
        (215) 750-3134

January 11, 2011